**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 06-01174-CJC(ANx)                                    Date:  August 13, 2009

Title: <u>DAMON K. LYMAN et al. v. LOAN CORRESPONDENTS, INC. et al.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                    <u>    N/A    </u>
Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED**

    This dispute concerns a loan obtained by Plaintiffs Damon K. Lyman and Claudia M. Lyman (collectively "the Lymans").  On March 10, 2009, the Lymans dismissed their claims against Impac Funding Corporation and GMAC Mortgage Corp., and the Court entered a default against the remaining defendant, Loan Correspondents, Inc. dba Capital Funding Group.  The Lymans have scheduled a prove-up hearing for August 18, 2009.  However, the Court believes that the Lymans claims under the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and California Business and Professions Code § 17200 may fail as a matter of law.  First, the Lyman's claims for damages under TILA and RESPA appear to be time-barred.  An action for damages resulting from a TILA violation must be commenced within one year of the alleged violation.  15 U.S.C. § 1640(e).  A RESPA claim for kickbacks associated with mortgage lending also has a one-year statute of limitations.  12 U.S.C. § 2614.  Here, the Lymans signed the loan documents on July 15, 2004, but did not commence this action until December 4, 2006.  Finally, a borrower may not sue under California Business and Professions Code § 17200 on the basis of a lender's failure to include specific information or content in credit-related documents.  *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1005-06 (9th Cir. 2008) (holding that federal law preempts claims under state law based on loan-related fees or a lender's disclosure obligations).  In light of the foregoing, the Court orders the Lymans to show cause why this case should not be dismissed.  The Court orders the Lymans to file and serve a response to the Court's order to show cause by Monday,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 06-01174-CJC(ANx)　　　　　　　　　　　　　　Date:  August 13, 2009
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

August 31, 2009.  The hearing set for August 18, 2009 at 9 a.m. is hereby vacated and off calendar.


law

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk MU