JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

|  |  |
|---|---|
| DAMON K. LYMAN and CLAUDIA M. LYMAN,<br><br>            Plaintiffs,<br><br>      vs.<br><br>LOAN CORRESPONDENTS, INC., dba CAPITAL FUNDING GROUP, GMAC MORTGAGE CORP., EXECUTIVE TRUSTEE SERVICES, INC., IMPAC FUNDING CORP.,<br><br>            Defendants. | Case No.: SACV 06-01174-CJC(ANx)<br><br><br><br><br><br>**ORDER DISMISSING PLAINTIFFS' CLAIMS WITH PREJUDICE** |

**INTRODUCTION AND BACKGROUND**

This dispute concerns a loan obtained by Plaintiffs Damon K. Lyman and Claudia M. Lyman (collectively "the Lymans"). On July 15, 2004, The Lymans entered into the mortgage loan agreement for the property at 18431 Southern Hills Way, Yorba Linda, California, 92886. (Compl. ¶¶ 3, 19.) They brought suit against Defendants Loan Correspondents, Inc. dba Capital Funding Group ("Loan Correspondents"), GMAC

Mortgage Corporation, and IMPAC Corporation on December 4, 2006, alleging causes of action for violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and California Business and Professions Code Section 17200. Loan Correspondents answered on January 12, 2007, but have not defended the case since then. On March 10, 2009, the Lymans dismissed their claims against IMPAC and GMAC, and the Court entered a default against the remaining defendant, Loan Correspondents. On August 13, 2009, the Court entered an order to show cause why the case should not be dismissed and directed the Lymans to submit a brief in response. The Lymans responded to the Court's order to show cause on August 31, 2009, arguing that their complaint states a cause of action for violations of TILA, RESPA, and California Business and Professions Code Section 17200. For the following reasons, the Lymans' claims are DISMISSED WITH PREJUDICE.

**ANALYSIS**

The Court finds that the Lymans' claims under TILA, RESPA, and California Business and Professions Code Section 17200 fail as a matter of law. A district court may *sua sponte* dismiss claims by granting judgment on the pleadings. *See Jackson v. East Bay Hosp.*, 980 F. Supp. 1341, 1358 (N.D. Cal. 1997); *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) ("[F]or a court to grant judgment on the pleadings, sua sponte, is not error. The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action."). "A judgment on the pleadings is properly granted where, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir.2005) (internal quotation marks omitted*)*. The court must give notice of its *sua sponte* intention to dismiss the claims and afford plaintiffs "an opportunity to at least submit a written memorandum in opposition to such motion." *Wong v. Bell*, 642 F.2d 359, 361-62 (9th

Cir. 1981) (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)). Here, the Court issued an order to show cause why the case should not be dismissed, and the Lymans submitted a brief in response to the Court's order.

### 1. TILA

The Lymans' claim for damages under TILA is time-barred. Actions by private individuals to collect damages under TILA must be brought within a year of the lender's alleged violation of the law. 15 U.S.C. § 1640(e). "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." *Id.* The Lymans entered into the loan agreements on July 15, 2004, over two years before they brought this action on December 4, 2006. Their claim for damages under TILA is therefore time-barred.

The Lymans argue that the statute of limitations does not apply because they assert their damages claim as a defense by recoupment. The one-year TILA statute of limitations "does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." 15 U.S.C. § 1640(e). However, "non-judicial foreclosures are not 'actions' as contemplated by TILA." *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1159 (S.D. Cal. 2009). Both § 1640(e) and California law define an action in this context as a court proceeding. *Id.* Because Loan Correspondents has not brought an action against the Lymans in court, the Lymans' "affirmative use of the claim is improper and exceeds the scope of the TILA

exception."[1] *Id.* (quoting *Amaro v. Option One Mortgage Corp.*, 2009 WL 103302, at *3 (C.D. Cal. Jan. 14, 2009)); *see also Carillo v. Citimortgage*, 2009 WL 3233534, at *3 (C.D. Cal. Sept. 30, 2009) ("A foreclosure action is not an 'action to collect debt' within the meaning of the recoupment exception. Plaintiff's affirmative use of the recoupment claim is improper and exceeds the scope of the TILA exception."); *Horton v. California Credit Corp.*, 2009 WL 2488031, at *11 (S.D. Cal. 2009) ("Because Defendant has not brought any judicial 'action to collect a debt,' Plaintiffs' recoupment claim has not properly been asserted as a defense.").

## 2. RESPA

The Lymans bring a claim under RESPA, alleging that their mortgage broker received illegal kickbacks in the form of Yield Spread Premiums. (Compl. ¶ 73.) A RESPA claim for kickbacks associated with mortgage lending has a one-year statute of limitations. 12 U.S.C. § 2614. Here, the Lymans signed the loan documents on July 15, 2004, but did not commence this action until December 4, 2006. Their RESPA claim is time-barred.

The Lymans argue that they are entitled to equitable tolling of the statute of limitations for their RESPA claim. "Equitable tolling may be applied if, despite all due

---

[1] The Lymans also argue that their TILA damages claim is not barred by the one-year statute of limitations under the law-of-the-case doctrine. As the Court noted in its order denying IMPAC's motion to dismiss, the Lymans filed their claim after the one-year statute of limitations, so their "TILA claims for damages filed on December 4, 2006 are therefore time-barred." (Order May 8, 2007, at 2.) While the Court denied IMPAC's motion to dismiss the Lymans' claims for recoupment, it is clear that the Lymans are seeking damages, not recoupment. In their recoupment cause of action they assert "Plaintiffs are entitled to recoup the actual and statutory civil penalty provided by 15 U.S.C. § 1640." (Compl. ¶ 57.) Plaintiffs cannot circumvent the statute of limitations by bringing their damages claim as a "recoupment" claim. *See Ortiz*, 639 F. Supp. 2d at 1159; *Henderson v. GMAC Mortgage Corp.*, 2009 WL 3059089, at *2 (9th Cir. 2009); *Amaro*, 2009 WL 103302, at *3; *Carillo*, 2009 WL 3233534, at *3; *Horton*, 2009 WL 2488031, at *11; *Kotok v. Homecomings Financial, LLC*, 2009 WL 2057046, at *3 (W.D. Wash July 14, 2009).

diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). The Lymans argue that they did not discover the kickbacks paid to their mortgage broker until their attorney's investigation in September 2006. They, however, have offered no explanation as to why they could not have instigated this investigation within the statute of limitations. In their complaint, the Lymans state only that "Defendants failed to properly disclose a Yield Spread Premium." (Compl. ¶ 73.) Accordingly, the Lymans have not pleaded a sufficient basis for equitable tolling, as they have not pleaded facts to suggest that despite all due diligence, they did not have a reasonable opportunity to discover the violations that now form the basis of their RESPA claims. *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1117 (E.D. Cal. 2009).

### 3. California Business and Professions Code Section 17200

The Lymans' final cause of action is for unfair business practices pursuant to California's Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200. The Lymans argue that their mortgage broker violated a number of California laws, but they do not mention any of those laws, or any facts regarding the alleged violations of those laws, in their complaint. Instead, in their complaint, the Lymans base their claim for unfair business practices on the alleged TILA and RESPA violations. (Compl. ¶¶ 82-84.) This claim is preempted by federal law. A borrower may not sue under Section 17200 on the basis of a lender's failure to include specific information or content in credit-related documents. *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1005-06 (9th Cir. 2008) (holding that federal law preempts claims under state law based on loan-related fees or a lender's disclosure obligations); *see also Reyes v. Premier Home Funding, Inc.*, 640 F. Supp. 2d 1147, 1156 (N.D. Cal. 2009) ("Plaintiff's unfair competition claims are preempted to the extent they are based on violations of TILA and RESPA.").

**CONCLUSION**

The Lymans' claims fail as a matter of law. The Lymans have not amended their complaint, even though the above claims were dismissed for failure to state a claim as to the other defendants, nor have they set forth any basis on which their causes of actions might possibly state a claim in their response to the Court's order to show cause. Accordingly, the Lymans' claims are DISMISSED WITH PREJUDICE.

DATED: November 6, 2009

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE